PRESIDENT, DIRECTORS, &c. OF THE VILLAGE BANK *vs.* STEPHEN ARNOLD & another, Executors.

A debtor gave to his creditor a note, signed in the presence of an attesting witness, and made payable to a bank : The creditor received the note in satisfaction of his demand on the maker, and sold and delivered it to a third person, who kept it in his possession for fifteen years, and until after the maker's death, and then prosecuted an action thereon for his own benefit, in the name and with the authority of the bank, against the maker's executors. *Held,* that the case was not within the exception in the statute of limitations, as to attested notes, (Rev. Sts. *c.* 120, § 4,) and that the action could not be maintained.

ASSUMPSIT on a promissory note.

The case was submitted to the court on an agreed statement of facts as follows : John Arnold, the defendants' testator, on the 7th of December 1826, was indebted to Paul Dudley in the sum of $ 53·19, and in discharge of that debt gave him the note in suit, which is in these words : Douglas, December 7th 1826. For value received I promise to pay the President, Directors & Co. of the Village Bank, or their order, fifty-three dollars and nineteen cents, on demand with interest.          John Arnold.

Attest : Joseph Thayer.

This note was subscribed by Joseph Thayer, as an attesting witness, at the time it was executed. The maker of the note told said Dudley, that if he would carry it to the bank, it would be paid ; and said Dudley received it in full satisfaction of the

amount due to him from the maker. On the same day, Joseph Thayer paid said Dudley the amount of the note ; said Dudley thereupon delivered the note to him, and it has ever since remained in his possession. This suit, which was brought for said Thayer's benefit, was commenced by him without previous authority from the plaintiffs ; but after it was commenced, viz. on the 20th of December 1841, they authorized said Thayer to prosecute it for his own benefit.

It was further agreed, at the argument, that John Arnold, the maker of the note, was a director of the Village Bank, when the note was given.

*C. Allen,* for the plaintiffs.

*Washburn,* for the defendants.

DEWEY, J. We think that the want of authority from the plaintiffs, originally, to institute this action, would not have been a fatal objection to the maintenance of the same, but that this defect might be obviated by a subsequent authority ratifying the institution of the suit, and assenting to the further prosecution of it.

But the defence goes much deeper, and is placed upon the entire want of privity between the plaintiffs and John Arnold. It appears from the facts stated, that the payees of this note never assented to nor adopted the note, until a period of more than fifteen years from its date, and from the time it was payable ; and it is further admitted, that the note never came into the hands of the plaintiffs, or was, directly or indirectly, accepted by them, or any agent of theirs, during the lifetime of John Arnold.

The transaction is an ancient one, and it may now be difficult to ascertain what are the real equities of the case between the party, who prosecutes in the name of the Village Bank, and the defendants. To give the note effect as a valid contract and take it out of the statute of limitations, which is applicable to all other than witnessed notes, it must be shown to have been in force, as an existing contract, in the form of an attested note of John Arnold to the Village Bank.

But the note, not having been presented to the bank nor as-

sented to by it, until after the death of the maker, did not assume the character of a contract between them, while Arnold was living. The bank and Arnold were the only parties who could give vitality to the note, and the bank having, as already stated, never recognized it, nor adopted it, during the lifetime of Arnold, nor until after the lapse of fifteen years from its maturity, it is now too late, we think, for the bank, by their present assent, to give effect to the note, and enforce payment of it.

*Plaintiffs nonsuit*